# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DR. FRANCIS SADOWSKI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 07 C 2973 |
| MED1ONLINE, LLC and JOHN DOES 1-10, | ) ) Judge Aspen |
| Defendant. | ) ) ) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter coming before the Court on Plaintiff Dr. Francis Sadowski's Motion for Preliminary Approval of Class Settlement and Notice to the Class, the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Court finds that, upon preliminary review, the proposed Settlement Agreement ("Agreement") (Exhibit A to Plaintiff's Motion) appears to be fair, reasonable and adequate and grants preliminary approval to it, pending a final hearing as provided herein.

2. For the purposes of settlement only, the Court certifies a class pursuant to Federal Rule of Civil Procedure 26(b)(3), defined as: (a) all persons with Illinois fax numbers (b) who, during October, 2006 (c) were sent faxes in the form attached as Exhibits A - B to Plaintiff's Amended Complaint, by or on behalf of defendant Med1 promoting the sale or purchase of its goods or services for sale. The parties estimate that there are 16,385 class members.

3. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes in that:

    (a) there are thousands of members of the class;

  (b) the claims of the class representative are typical of those of the other members of the class;

  (c) there are questions of fact and law that are common to all members of the class; and

  (d) the class representative will fairly and adequately protect the interests of the class and has retained counsel experienced in complex commercial and class action litigation who have and will continue to adequately represent the class.

  4. The Court finds this action is maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes because (i) a settlement class is superior to other available methods for the fair and efficient adjudication of this controversy, and (ii) questions of fact and law common to the members of the settlement class predominate over any questions affecting only individual members.

  5. Plaintiff Dr. Francis Sadowski is appointed as class representative.

  6. Edelman Combs Latturner & Goodwin LLC is appointed as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

  7. Pursuant to Federal Rules of Civil Procedure 23, a final hearing on the fairness, reasonableness and adequacy of the Settlement Agreement and whether final approval shall be given to it will be held before this Court on **September 3, 2009 at 10:30 a.m.** for the following purposes:

  (a) to finally determine whether this action satisfies the criteria for class certification set forth in Federal Rule of Civil Procedure 23(a) and (b);

  (b) to determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(c) to determine whether a final judgment should be entered dismissing the claims of the class with prejudice, as required by the Settlement Agreement;

(d) to consider the application of Plaintiff's counsel for an award of attorneys' fees and expenses, and for an individual settlement award to the class representative; and

(e) to rule upon other such matters as the Court may deem appropriate.

8. By this Order, the Court approves the parties' proposed form of notice to the class and hereby orders the dissemination of the Class Notice and Claim Form to class members via facsimile to the facsimile numbers contained in the records obtained through discovery to commence on or before **June 30, 2009** consistent with this Order and the Class Settlement Agreement, and finds that no other notice is necessary.

9. The Court finds that faxing of the notice as described in the Settlement Agreement is the only notice required and that such notice satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

10. Any class members who desire to opt out or exclude themselves from the settlement must mail a request for exclusion to Class Counsel by **July 30, 2009**. At least ten (10) days prior to the final approval hearing, counsel for Plaintiff shall file with the Court and serve on all parties a list of all persons who have timely opted-out of the Settlement Class (the "Class"), as compiled by the Settlement Administrator. Counsel for the Parties also shall at that time supply its determinations as to whether any request to opt out of the Class was not submitted timely, and, provide written notification to any Class member whose request to opt out of the class was not submitted on a timely basis.

11. Class members shall have until **July 30, 2009** to enter an appearance or object to the proposed settlement. Any class members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, and mail a copy to Class Counsel and Defense Counsel by **July 30, 2009.** Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the class. Objectors who have filed written objections to the settlement may also appear at the hearing and be heard on the fairness of the settlement. At least ten (10) days prior to the fairness hearing, counsel for Plaintiff shall file with the Court and serve on all parties a copy of all objections to the settlement.

12. Plaintiff, by and through Class Counsel, may file memoranda in support of final approval of the Agreement prior to the fairness hearing. Any submissions must be filed no later than **August 21, 2009**.

13. Med1 shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b), no later than **June 15, 2009**.

14. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement until such time as the Court grants final approval of this class action settlement and dismisses this case with prejudice.

Dated: June 19, 2009

Judge Marvin E. Aspen