**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. FRANCIS SADOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 2973 |
| | ) | |
| MED1ONLINE, LLC, | ) | Judge Aspen |
| and JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Dr. Francis Sadowski, ("Plaintiff"), individually and as representative of

a class of similarly situated persons, by counsel, respectfully submits the following memorandum

in support of final approval of the Class Action Settlement Agreement ("Agreement").

Plaintiff alleged that defendant Med1Online, LLC, (Med1) violated the

Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and state law, by sending

unsolicited facsimile advertisements to Plaintiff and other members of the class. On June 19,

2009, this Court entered an order giving preliminarily approval to the settlement between the

parties. The Court's order conditionally certified a class for settlement purposes ("settlement

class"), defined as defined as (a) all persons with Illinois fax numbers (b) who, during October,

2006 (c) were sent faxes in the form attached as Exhibits A - B to Plaintiff's Amended

Complaint by or on behalf of defendant Med1 promoting the sale or purchase of its goods or

services for sale, as alleged in the Amended Class Action Complaint.

Through discovery, plaintiff obtained the database containing a list of Illinois fax

1

numbers utilized by defendant to transmit its advertisements.   On June 29, 2009, Plaintiff caused

the faxing of the notice in the form approved by the Court to the telephone numbers which he

was able to obtain.  The list contained 16,388 unique numbers. Of the 16,388 unique numbers,

11,418 were successfully sent and 4,970 failed, yielding a 70% success rate. (Profax Invoice,

Appendix A).

       As of the filing of this motion, **no** settlement class member has objected to the

settlement or the request for attorney's fees, or asked to intervene.  Further, **639** unique claim

forms were submitted by those receiving the notice and **no** class members have opted out of the

settlement.  Class Counsel has further determined that the total number of valid claims is **562**.

Defendant has been provided with information related to the claims submitted so that it may have

the opportunity to review the claims and consider Class Counsel's assessment as to the validity

of each claim.  As of the filing of this memorandum, plaintiff submits that there are **562** valid

claims.

## I.   <u>NATURE OF THE CASE</u>

       Ass et forth above, Plaintiff alleged that Med1 violated  the Telephone Consumer

Protection Act, 47 U.S.C. §227 ("TCPA"), and state law, by sending unsolicited facsimile

advertisements.  Based upon reviews and analyses of the claim of the putative class, and given

the size of the class, the parties conducted comprehensive settlement discussions and formalized

their agreement in the Class Action Settlement Agreement.

## II.   <u>THE ADMINISTRATION OF THIS CLASS ACTION SETTLEMENT</u>.

### A.   **The Preliminary Approval Order.**

       On June 19, 2009, the Court entered an order granting preliminary approval of the

Agreement reached between the parties. In its Order, the Court specifically found that the

proposed terms of the settlement satisfied all of the elements of Federal Rule of Civil Procedure

23(a) and 23(b)(3) and the Court certified the following Settlement Class:

> (a) all persons with Illinois fax numbers (b) who, during October, 2006 (c) were sent
> faxes in the form attached as Exhibits A - B to Plaintiff's Amended Complaint by or on
> behalf of defendant Med1 promoting the sale or purchase of its goods or services for sale,
> as alleged in the Amended Class Action Complaint

The preliminary approval order further established a procedural framework for the

final approval of the settlement. It required the parties to cause notice to be faxed to the members

of the above defined class, and set deadlines and procedures for the submission of claims,

requests for exclusion, and objections to the settlement.

**B.     The Class Notice.**

The Court is advised that on or about June 30, 2009, using the service of Profax,

Inc., the plaintiff attempted to deliver notice via facsimile transmission, in the form approved by

the Court, to the same telephone numbers within the state of Illinois that were used send the

facsimiles that gave rise to the lawsuit.

Discovery revealed that there were a total of 16,388 Illinois class members. Of

the 16,388 class members, 11,418 notices were successfully sent, yielding a 70% success rate.

This rate of success is reasonable for the age of the list and nature of this case and is likely

equivalent to the success rate obtained by notice sent by U.S. Mail.

**C.     The Value of the Settlement.**

The Court has previously considered the terms of the settlement in entering its

preliminary approval order. Defendant agreed to pay $345,000 to settle the claims of plaintiff and

the class ("Settlement Fund"). Subsequent to the distributions to be made for the incentive award

to the named plaintiff and attorney's fees and costs, as set forth below, each class member who does not exclude himself or herself and who timely returns a participation form, will receive a pro rata share of the $345,000, not to exceed $500 per class member.

To date, **562** valid claim forms have been received by Class Counsel. After deductions from the Settlement Fund for plaintiff's incentive award and attorney's fees and costs, each of the claimants will receive $414.89 which represents over 80 % of the $500 statutory damage award provided for by the TCPA for an unintentional violation.

### D.  No Objections Have Been Received

There were no requests for exclusion sent in by class members, and no objections to the settlement were filed or received. These results can be viewed as an endorsement of the settlement by the class.

## III.  THIS ACTION SATISFIES THE REQUIREMENTS OF RULE 23.

The parties' formal and informal discovery demonstrates that the settlement satisfies all the requirements of Rule 23.

### A.  Rule 23(a)(1) - The Settlement Class Is So Numerous That Joinder Of All Members Is Impracticable.

The parties' discovery revealed that there were over 16,000 Illinois class members. This plainly satisfies the numerosity requirement. The Seventh Circuit Court of Appeals has recognized that as few as 40 class members are sufficient to satisfy the "numerosity" requirement of Rule 23(a)(1). *See Swanson v. American Consumer Industries, Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969); *see also* Newberg on Class Actions, 3rd Ed. Sec. 3.05, pp. 3-25 ("The difficulty in joining as few as 40 class members should raise a presumption that joinder is

impracticable, and the plaintiff whose class is that large or larger should meet the test of Rule 23(a)(1) on that fact alone."). The number of Settlement Class Members identified through the settlement procedure approved by the Court satisfies the numerosity requirement of Rule 23(a)(1).

**B.      Rule 23(a)(2) - The Claims Of The Settlement
Class Arise From Common Questions Of Law And Fact.**

The "commonality" requirement of Rule 23(a)(2) is usually satisfied where the class members' claims arise from a common nucleus of operative fact. *Rosario v. Livaditis*, 963 F.2d 1013 (7th Cir. 1992).  Rule 23(a)(2) requires only that the class members share at least one question of fact or law in common. *Kreuzfeld A.G. v. Carnehammer*, 138 F.R.D. 594, 599 (S.D.Fla. 1991) (the issue of commonality "turns on whether there exists at least one issue affecting all or a significant number of proposed class members").

In the present case, all settlement class members were sent unsolicited facsimile advertisements.  Whether or not the facsimiles violated the TCPA, the ICFA, or Illinois common law are common legal questions underlying the theory of recovery alleged by the plaintiff, on behalf of himself and the class, against defendants.

**C.      Rule 23(a)(3) - Plaintiff's Claims are
Typical Of the Claims Of The Settlement Class.**

The "typicality" requirement of Rule 23(a)(3) is satisfied for many of the same reasons that the "commonality" requirement of Rule 23(a)(3) is met. *De La Fuente v. Stokley-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1993) ("A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory"); *see also Kornberg v.*

*Carnival Cruse Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (the typicality requirement is satisfied where the "claims or defenses of the class and the class representative arise from the same event or practice and are based upon the same legal theory").  Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D.Ill. 1984); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

In the present case, all of the settlement class members' claims arise out of the same transmission of facsimile advertisements by defendants, thereby satisfying the typicality requirement of Rule 23(a)(3). *Rosario*, 963 F.2d at 1018.

**D.    Rule 23(a)(4) - Plaintiff And Its Counsel Will Fairly And Adequately Protect The Interests Of The Settlement Class.**

The determination that the "representative parties will fairly and adequately protect the interests of the class" as required by Rule 23(a)(4) involves two considerations:  (1) whether the plaintiff's attorneys are properly qualified and experienced to conduct the litigation; and (2) whether the plaintiffs have any interests antagonistic to the class.  *General Tel. Co. v. Falcon*, 102 S.Ct. 2364, 2370, n. 13 (1982); *Retired Chicago Policy Ass'n.*, 7 F.3d 584, 598 (7th Cir. 1993).

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Counsel's qualifications are set forth in Appendix B.   Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

6

**E.     The Settlement Class May Be Certified Pursuant to Rule 23(b)(3).**

Class certification is appropriate under Rule 23(b)(3) where: (1) common questions of law or fact predominate over individual questions; and where (2) a class action represents a superior method for the fair and efficient adjudication of the controversy. Both of these requirements are satisfied in the present case.

**1.     Common questions predominate over individual issues.**

In order for common questions of law or fact to predominate over individual issues for purposes of Rule 23(b)(3), common issues must constitute a significant part of the individual cases. *Jenkins v. Raymark Industries, Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Courts "generally focus on the liability issues in deciding whether the predominance requirement is met, and if the liability issue is common to the Class, common questions are held to predominate. *In re Alexander Grant & Co. Litigation*, 110 F.R.D. 528, 534 (S.D.Fla. 1986); *see also Dura-Built Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 89 (S.D.N.Y. 1981). In the present case, common issues relating to the transmission of facsimile advertisements predominate over individual issues, if any, as required by Rule 23(b)(3).

**2.     A Class Action is Superior to Other
Methods of Resolving This Matter.**

For many of the reasons set forth above, a class action is the superior method to resolve the claims presented in this action. In determining the superiority of a class action, the Court must consider the best available method of resolving the controversy in keeping with the goal of judicial economy. In reaching this determination, the Court should consider the inability of the uninformed to bring their claims and the improbability that large numbers of class

members would possess the initiative to litigate individually. *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161, 1165 (7th Cir. 1974). In *Phillips Petroleum Company v. Shutts*, 472 U.S. 797, 809 (1985), the Supreme Court recognized that in cases where the class members' claims are too many or too small to litigate on an individual basis, the Court should certify the case as a class action under Rule 23(b)(3).

Given the large number of individual lawsuits that would be required if a class were not certified, a class action presents a superior method to fairly and efficiently adjudicate all of the claims of the class in this case, within the meaning of Rule 23(b)(3). To the extent that any class member wished to pursue any such individual claim, they were free to opt-out of the settlement under Rule 23(b)(3). In the present case, no class members have elected to exclude themselves from the settlement and no class members have objected.

F. **The Parties Have Complied With The Class Action Fairness Act's Notice Requirements**

Defendant mailed the CAFA notice to the appropriate state and federal officials and complied with 28 U.S.C.§ 1715 on June 19, 2009. Consequently, the hearing, set for September 3, 2009, can proceed. However, in order to comply with the 90 day requirement of §1715(h), entry of the final approval order should be delayed until September 17, 2009.

IV. **THIS ACTION SATISFIES THE STANDARD FOR GRANTING FINAL APPROVAL TO THE CLASS ACTION SETTLEMENT.**

In *Amchem Productions, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997), the United States Supreme Court explained that, before approving a class action settlement, the District Court must first be satisfied that the elements of Rule 23(a) and 23(b) have been met. *Id.* at 621, 117 S.Ct. at 2248.

Once the Court has determined that the requirements of Rule 23(a) and 23(b) have been met, the Court must then determine whether Rule 23(e) has been satisfied by determining whether the settlement is fair, reasonable and adequate. *General Electric Capital Corporation v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997). The Court considers the following six factors in making this determination:

1.     The strength of the plaintiff's case on the merits measured against the terms of the settlement;

2.     The complexity, length, and expense of continued litigation;

3.     The amount of opposition to the settlement among class members;

4.     The presence of collusion in gaining a settlement;

5.     The stage of the proceedings; and

6.     The amount of discovery completed.

*Id.* (citing *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985)). The class action settlement in the present case satisfies each of the factors outlined in *GE Capital*.

**1.     The strength of the plaintiff's case on the merits measured against the terms of the settlement**

Plaintiff was successful in negotiating a settlement with a recovery consisting of a settlement fund of $345,000 and a payment of $414.89 to each class member who submitted valid claims. This is clearly a significant recovery to the class, and a reasonable compromise in this matter, where the parties have vigorously litigated the case. After having filed the action in state court, defendant promptly removed the matter to federal court where several motions, including motions to dismiss and motions for class certification, were heavily litigated. The

parties engaged in formal discovery and conducted protracted settlement negotiations which resulted in resolution of the claims. While the parties continue to disagree about the merits of the claims, it is clear that all of these points are hotly contested and, therefore, as a practical matter the outcome is uncertain.

A settlement need not obtain 100% of actual damages, if it represents a knowing and intelligent compromise. *Bennett v. Behring Corp.*, 737 F.2d 982 at 987 (11th Cir. 1984) (settlement providing for $675,000 of maximum possible $12 million recovery adequate). The essence of a settlement is a compromise. Thus, even if "the relief afforded by the proposed settlement is substantially narrower than it would be if the suits were to be successfully litigated," this is no objection to a class settlement, since "the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding litigation." *Air Line Stewards & Stewardesses Ass'n v. American Airlines, Inc.*, 455 F.2d 101, 109 (7th Cir. 1972). "[S]ettlements of class actions are highly favored in the law and will be upheld whenever possible because they are means of amicably resolving doubts and preventing lawsuits." *In re Domestic Air Transportation Antitrust Litigation*, 148 F.R.D. 297, 312 (N.D. Ga. 1993).

Here, the class members who submitted claim forms will receive over 80 % of the full statutory damages of $500 for an unintentional violation. Plaintiff's counsel believe that the settlement is appropriate because (a) of the risk of not prevailing in this action; (b) the risk of courts not allowing the claim to proceed as class actions; and (c) because receiving payment now is preferable to waiting for the results of prolonged litigation.

## 2. The complexity, length and expense of continued litigation.

The complexity, length and expense of further litigation will be substantial. At

the same time, further litigation is not likely to substantially expand the money available to the benefit the class.   The proposed settlement is a fair balance of the value of the case weighed against the risks of further litigation.

### 3.      The amount of opposition to the settlement among class members

There are no objections.  None of the class members has elected to opt out of the settlement.  These results are an endorsement of the settlement by the class.

### 4.      The presence of collusion in gaining a settlement

As the Court is aware, this case have been contested from its inception.  Counsel for the parties have conducted negotiations at arm's length, and believe the settlement is fair and adequate for all concerned.

The opinion of experienced plaintiff's class action counsel with substantial experience in similar litigation as to the desirability of settlement is also an important consideration. *In re Domestic Air Transportation Antitrust Litigation*, 148 F.R.D. at 312.  Indeed, there is a "strong initial presumption" that an arms-length settlement arrived at by counsel experienced in the type of litigation at issue is fair. *Feder v. Harrington*, 58 F.R.D. 171 (S.D.N.Y. 1972).

A settlement compromising conflicting positions in class action litigation serves the public interest.  *Armstrong v Board of School Directors*, 616 F.2d 305 at 313 (7th Cir. 1980). In evaluating a settlement, the trial court should not decide the merits, or proceed from the assumption that victory is 100% assured and that all claimed damages are properly recoverable. *In re Domestic Air Transportation Antitrust Litigation,* 148 F.R.D. at 312-13; *Armstrong,* 616 F.2d at 314-15.

Counsel for Plaintiff has substantial experience in class action litigation.

Attached hereto as <u>Appendix B</u> is a declaration setting forth their considerable experience.

> **5. and 6.      The stage of the proceedings and the amount of discovery completed.**

The fifth and sixth *GE Capital* factors also support the final approval of this settlement in light of the stage proceedings.  This action was filed on December 4, 2006.  Thereafter, the parties have engaged in formal and informal investigations and discovery to determine the strength of the class and the size of the class.  Given the stage of proceedings and the investigation and discovery completed, the proposed settlement satisfies the fifth and sixth *GE Capital* factors.

## V.      THE COURT SHOULD APPROVE PLAINTIFF'S INCENTIVE AWARD

Pursuant to the settlement agreement, plaintiff is requesting approval of an incentive award of $5,000, to be paid from the Settlement Fund, prior to distribution.  Plaintiff requests that the Court approve this amount in recognition of its activities as the class representative.  Defendant does not oppose plaintiff's request.  Plaintiff assisted counsel in responding to discovery, received copies of all pleadings filed and kept in regular communication with counsel regarding the progress of the case.  Plaintiff also assisted counsel with the preparation of the complaint for filing in this matter, reviewed settlement proposals and provided counsel with information when necessary.

Plaintiff has successfully pursued this case on behalf of the class members for and has reached a settlement which provides significant benefit to the class.  As stated above, the claimants will receive a significant portion of the statutory damage award under the TCPA for an

unintentional violation. Plaintiff believes the award sought is reasonable, and requests that it be approved.

## VI.    THE COURT SHOULD APPROVE COUNSEL'S FEES AND COSTS

Pursuant to the settlement agreement, counsel is seeking attorney's fees and costs of $106,826.98. This amount includes 30% of the settlement fund plus $3,326.98 in costs related to providing notice and to the class and distribution of the settlement fund. Plaintiff's counsel include experienced class action attorneys, all of whom contributed their skills and expended their resources in a coordinated effort that resulted in the settlement of this matter.

This case was prosecuted by plaintiff's counsel on a contingent fee basis with no assurance of any fee. In undertaking to prosecute this case on that basis, plaintiff's counsel assumed a significant risk of nonpayment or underpayment.

Numerous cases recognize that the contingent fee risk is an important factor in determining the fee award. *See In re Continental Illinois Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent basis, plaintiff's counsel <u>must</u> be compensated adequately for the risk of non-payment); *Ressler v. Jacobsen*, 149 F.R.D. 651, 654 (M.D. Fla. 1992) ("Numerous cases recognize that the attorney's contingent fee risk is an important factor in determining the fee award.").

Courts typically set the benchmark for attorney's fees at 25-30% of the settlement amount. In *Bebchick v. Washington Metropolitan Area Transit Comm'n*, 805 F.2d 396, 407 (D.C. Cir. 1986), the court found that 25% of the recovery, which amounted to $1,675,000 in attorneys's fees, "is a reasonable percentage {fee} for otherwise uncompensated attorneys." In *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991), the court

13

stated that "The majority of common fund fee awards fall between 20% to 30% of the fund" and

that "district courts are beginning to view the median of this 20% to 30% range, i.e. 25%, as a

'bench mark'".

In *In re Synthroid Marketing Litigation*, 325 F.3d 974 (7th Cir. 2003), the Seventh

Circuit held that 30% of the first $10 million recovered and 25% of the next $10 million was

appropriate. *See also, Wells v. Dartmouth Bancorp, Inc.*, 813 F.Supp. 126, 130 (D.N.H. 1993)

(fee of 33% of $1 million common fund after deducting costs).

Plaintiff's counsel filed a well researched complaint alleging claims for relief

under federal law. Plaintiff's counsel engaged in negotiations which resulted in the settlement.

To date, actual time and expenses incurred by plaintiff's counsel relating to the litigation of this

matter and related declaratory actions are in excess of the amounts sought. In light of the work

performed in this matter, and the actual time and expenses incurred by Counsel, Counsel's

request for $106,826.98 is reasonable, and Counsel accordingly requests approval of this amount

by the Court.

## VII.    CONCLUSION

For all the reasons set forth above, plaintiff, individually and as representative of a

class of similarly situated persons, by counsel, urge the Court to grant final approval to the

settlement, and enter the parties' Final Approval Order, attached hereto as Appendix C.

Respectfully submitted,


s/ Dulijaza Clark
Dulijaza Clark

Daniel A. Edelman
Cathleen M. Combs

James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)

<u>**CERTIFICATE OF SERVICE**</u>

I, Dulijaza Clark, certify that on August 21, 2009, a copy of this document was served via the Court's ECF system to the following parties:


<u>s/ Dulijaza Clark</u>
Dulijaza Clark

Jacqueline A. Criswell
James K. Borcia
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Sears Tower - 22nd Floor
Chicago, IL 60606
jcriswell@tsmp.com
jborcia@tsmp.com

Thomas P. Walsh
Kathryn L. Weyer
Johnathan E. Zimmerman
thomas.walsh2@usdoj.gov, kim.mcwilliams@usdoj.gov, USAILN.ECFAUSA@usdoj.gov
johnathan.zimmerman@usdoj.gov

Jeremy Steven Goldkind
goldkind@wildmanharrold.com, ecf-filings@wildmanharrold.com, wenmoth@wildmanharrold.com

16