**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DR. FRANCIS SADOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 C 2973 |
| MED1ONLINE, LLC | ) | |
| and JOHN DOES 1-10, | ) | Judge Aspen |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

This cause coming on to be heard for Final Approval of the Class Action Settlement Agreement and on the Motion for Class Action Settlement, due notice having been given, and the Court being fully advised in the premises, IT IS HEREBY ORDERED:

1.     The Amended Class Action Complaint in this matter alleges that Defendant Med1Online, LLC ("Med1") violated the Telephone Consumer Protection Act 47 U.S.C. § 227, et. seq. ("TCPA") and state law by causing unsolicited facsimile advertisements to be transmitted to plaintiff and the settlement class.

2.     Med1 denies liability to plaintiff and the settlement class for the claims alleged herein but considers it desirable that the action be settled.

3.     The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") on or about December 18, 2008.

4.     On June 19, 2009 preliminary approval was granted to the Settlement Agreement which consisted of the following settlement class: ((a) all persons with Illinois fax numbers (b) who, during October, 2006 (c) were sent faxes in the form attached as Exhibits A - B to Plaintiff's Amended Complaint, by or on behalf of defendant Med1 promoting the sale or purchase of its goods or services for sale.

5.     This action satisfies the applicable prerequisites for class action treatment   under Fed.R.Civ.P. 23(a) and (b).  The class as defined in the Settlement Agreement ('the Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to members of the Class predominate over any questions affecting only individual

members, and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

6.      Pursuant to the Settlement Agreement, the Notice of Class Action was attempted to be delivered via facsimile transmission by Class Counsel to 16,388 members of the Class.  As a result of the distribution of the Notice to Class, 11,418 notices were successfully transmitted to the Class.  No class members have opted out. No class members have objected to the settlement.

7.      Notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

8.      The Court finds that the settlement negotiations were conducted in good faith at arms-length and that the terms of the Settlement Agreement are fair, reasonable and adequate in light of the risk of establishing liability, the expense of further litigation and the amount of damages recoverable.

9.      The terms of the Settlement Agreement call for the payment of 30% of the settlement funds plus costs in the amount of $4,275.00 or $106,826.98, to Class Counsel.  This Court finds this amount fair and reasonable and, accordingly payment of that amount to Class Counsel is hereby approved.  Pursuant to the terms of the Settlement Agreement, within 35 days after a final order approving this Agreement has been entered and is no longer subject to appeal, Med1 shall pay fees and expenses to Class Counsel which shall be divided pursuant to the terms of the Settlement Agreement as summarized below.

10.     In accordance with the Class Settlement Agreement, and to effectuate the Settlement, Med1 shall, in accordance with the time frames set forth in the Settlement Agreement, provide the settlement payments, attorneys fees and other amounts due.

11.     In accordance with the Class Settlement Agreement, and to effectuate the Settlement, Class Counsel shall, in accordance with the time frames set forth in the Settlement Agreement, cause the settlement payments to be distributed to Class Members who submitted a valid claim form.

12.     Plaintiff and each member of the Settlement Class  (whether or not such members submit claims) (the "Releasors"), will be deemed to have forever released and enjoined from further pursuing, MED1 their attorneys, agents, insurers, insurers' counsel, independent contractors, employees, officers, directors, shareholders, affiliates, subsidiaries, divisions, parent companies and predecessors in interest, successors and assigns and persons, natural or corporate, in privity with anyone or more of them (the "Released Parties") of and from any and all actual, potential, filed,

known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, causes of action, contracts, agreements, extra contractual claims, damages, punitive damages, expenses, acts, costs, attorneys' fees and/or obligations of any kind which are or could be based on, arise from or relate in any way to any of the facts or other matters alleged or which could have been alleged in the MED1 Litigation, including: (1) violation of the TCPA; (2) the claims asserted or which could have been asserted in the MED1 Litigation including any and all amended complaints; (3) violation of any and all other laws, whether statutory, regulatory or decisional, and whether federal or state based arising out of or related to MED1's alleged unsolicited faxing advertisements to the Releasors without their consent whether said facsimiles are identical to, similar to, or different from the facsimiles attached as an exhibits to Plaintiff's Amended Complaint.

13.     This action and all claims against Med1 are hereby dismissed with prejudice, and the Clerk is directed to enter judgment to that effect in this action.  The judgment shall be without taxable costs to either party.

14.     Med1 has timely filed notification of this settlement with the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005("CAFA"), 28 U.S.C. §1715.  The Court has reviewed such notification and accompanying materials and finds that Med1's notification complies fully with the requirements of 28 U.S.C. §1715.

15.     On January 30, 2010, or upon completion of distribution of the settlement payments in accordance with the Settlement Agreement Class Counsel shall file a final accounting with the Court detailing the distributions.

16.     The Court hereby retains jurisdiction of all matters relating to the interpretation, administration, implantation, effectuation and enforcement of the Class Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

Dated: September 24, 2009

_____
Judge Marvin E. Aspen